## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| **BARRY HUTCHINS** | **CIVIL ACTION NO. 5:15-cv-1833** |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **DEPARTMENT OF CORRECTIONS**<br>**CITY OF NEW YORK** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Pro se petitioner Barry Hutchins, a prisoner in the Rikers Island Correctional Center, East Elmhurst, New York, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on June 5, 2015. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

### *Statement of the Case*

Petitioner is either a detainee awaiting trial of a charge of "accomplice in robbery" which is pending in New York, or an inmate who has been convicted of that offense who is awaiting sentencing, or a convict who has been convicted and sentenced. His virtually illegible original petition filed herein on June 5, 2015, suggests that he seeks *habeas corpus* relief because he has been falsely arrested, charged, and incarcerated and has been the victim of unlawful strip searches. [Doc. 1]

On June 8, 2015, he filed another petition for *habeas corpus* pursuant to Section 2254. In that petition he implied that he was convicted and awaiting sentencing. He nevertheless

complained that he was falsely arrested and detained and subjected to strip searches. [Doc. 2]

On the same day he filed a *pro se* motion for the assignment of a private investigator utilizing what appears to be a form provided to prisoners in New York City for that purpose. [Doc. 3]

On June 11, 2015, he filed an illegible letter which appears to seek the death penalty for the individuals responsible for perpetrating sexual assaults against him and for wrongfully arresting and incarcerating him. [Doc. 4]

On June 15, 2015, he filed yet another Section 2254 petition, again alleging that he is being unlawfully detained on false charges of "Accomplice of Robbery" pending in the Supreme Criminal Court of New York. [Doc. 5]

On June 16, 2015, petitioner filed another letter seeking "judicial intervention" in a case pending in Queens County, New York. [Doc. 7]

On June 18, 2015, he filed yet another Section 2254 petition which implied that he was convicted of the charge of "accomplice of robbery" and sentenced to serve 15 years by the New York Court. [Doc. 9]

On June 26, 2015, he filed two additional incomprehensible letters concerning his claim of false arrest and imprisonment in New York. [Docs. 10 and 11]

On June 18, 2015, the undersigned issued a deficiency order directing petitioner to either submit the $5.00 fee for filing petitions for *habeas corpus* or to provide a properly executed application to proceed *in forma pauperis*. [Doc. 8]

### *Law and Analysis*

Petitioner apparently seeks *habeas corpus* relief and his release from custody based on his

2

claim that he is the victim of a false arrest and imprisonment in the New York City. (He also suggests that his civil rights have been violated by a number of individuals and agencies, none of whom are alleged to have any connection whatsoever to the Western District of Louisiana.[1])

Clearly, this Court has no jurisdiction over any *habeas corpus* claims concerning petitioner's arrest, prosecution, and imprisonment in New York. Further, to the extent that he seeks *habeas corpus* relief pursuant to Section 2254, he must file his petition either in the federal judicial district where he is incarcerated or the district where he was originally convicted. *See* 28 U.S.C. §2241(d). Likewise, a petition for *habeas corpus* filed pursuant to § 2241 must be filed in the district with jurisdiction over the prisoner or his custodian. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000). The district of incarceration is the only district that has jurisdiction to entertain a petitioner's §2241 petition. *Lee v. Wetzel*, 244 F.3d 370 (5th Cir.2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).) Petitioner's decision to file his *habeas corpus* petition in the Western District of Louisiana is inexplicable.[2]

---

[1] Petitioner listed the following individuals in his various pleadings: the New York Dept. of Corrections; New Police Dept.; Rikers Island Jail; Supreme Criminal Courts of New York; unknown inmates at Rikers Island; Office of Mental Health of the City of New York; the United States Supreme Court; the Manhattan State Psychiatric Hospital; Kirby State Psychiatric Hospital; Mid-Hudson State Psychiatric Hospital; District of Columbia Dept. of Justice; Maryland Department of Justice; City of Houston, Texas, Police Dept.; Vernon State Psychiatric Hosp.; City of Vernon Police Dept.; Travis County Police Dept.; Jamies House Boys Home; Mrs. Veronica; Murphy Hutchins, Texas Department of Human Resources; Children's Protective Services. Nevertheless, the only proper respondent in a habeas action is the "state officer who has custody" of the petitioner. See Rule 2(a), Rules Governing Section 2254 Cases in the District Court.

[2] Of course, even if petitioner were given leave to amend to seek injunctive relief or money damages pursuant to 42 U.S.C. §1983 such a complaint would also be subject to dismissal. Section 1983 does not contain a venue provision; thus, venue is determined under the general venue provisions set forth in Title 28 U.S.C. § 1391. When a civil action is not premised solely upon diversity jurisdiction, it may be brought only in (1) a judicial district where any

3

Finally, the undersigned is aware that petitioner has not yet cured the deficiency noted in the order of June 18, 2015. [Doc. 8] Nevertheless, it would serve no useful purpose to allow this clearly improperly filed civil action to remain open, thus encouraging the filing of even more frivolous pleadings.

**As is explained below, petitioner may object to this Report and Recommendation; beyond that, however, he is cautioned that his continued filing of illegible and frivolous pleadings in the District may result in the imposition of sanctions.**

Therefore,

It is ordered that the pending Motion [Doc. 3] be **DENIED**; and,

**IT IS RECOMMENDED** these petitions for *habeas corpus* be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

---

defendant resides, (2) a judicial district <u>in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or (3) a judicial district <u>in which any defendant may be found</u>, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Clearly the complaint, if that was his intention, has inexplicably been filed in the wrong court.

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

 In Chambers, Monroe , Louisiana, July 9, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

5